SUMMARY ORDER

Petitioner Xia Li, a native and citizen of the People’s Republic of China, seeks review of a May 27, 2008 order of the BIA affirming the October 31, 2006 decision of Immigration Judge (“IJ”) Sandy Horn, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xia Li, No. A99 525 824 (B.I.A. May 27, 2008), aff'g No. A99 525 824 (Immigr. Ct. N.Y. City Oct. 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisput *83 ed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
In this case, we conclude that the BIA correctly determined that Li failed to demonstrate eligibility for asylum. In order to establish eligibility for asylum based on membership in a particular social group, an applicant must show not only that she belongs to a cognizable group but also that she has suffered past persecution or has a well-founded fear of persecution on account of her social group status. See 8 U.S.C. § 1158(b)(1)(B).
Here, even if we were to accept the alien’s status as a member of a protected and visible social group, cf. Matter of AT-, 24 I. & N. Dec. 296, 303 (B.I.A.2007) (rejecting petitioner’s claim that “young female members of the Bambara tribe who oppose arranged marriage constitute a particular social group,” because these women do not have the “kind of social visibility that would make them readily identifiable to those who would be inclined to persecute them.”), we agree with the agency that Li has failed to demonstrate that she had suffered, or fears suffering, harm rising to the level of persecution. The IJ found that Li has never been arrested, detained, or physically mistreated by the Chinese government, her parents, or her fiancé. Moreover, there is no evidence to indicate that Li has ever been charged with a crime or brought before a court or tribunal or that she will suffer any such fate if removed to China. Cf. Ci Pan v. United States Attorney Gen., 449 F.3d 408, 412-13 (2d Cir.2006) (holding that an alien’s claims of mistreatment did not rise to the level of persecution where the alien failed to demonstrate “any evidence that he had been detained, beaten, or otherwise subjected to physical harm”); id. at 413 (stating that “ ‘persecution is an extreme concept that does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional’ ” (quoting Cai Luan Chen v. Ashcroft, 381 F.3d 221, 232, 234 n. 24 (3d Cir.2004) (Alito, J.))).
Further, Li’s failure to demonstrate past persecution or a well-founded fear of future persecution renders her ineligible for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (holding that an applicant who is unable to make out an asylum claim is necessarily unable to meet the higher standard required to succeed on a withholding of removal claim); Gomez v. INS, 947 F.2d 660, 665 (2d Cir.1991).
Finally, Li waives any challenge to the agency’s denial of her CAT claim where she faded to raise it in her brief to this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.